Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5622 | **DATE** | January 30, 2001 |
| **CASE TITLE** | *Barnett v. City of Chicago* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendant City of Chicago's Motion to Dismiss the Complaint [21-1] is DENIED. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 3 1 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | IS | 29 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 01 JAN 30 PH 5:00 | date mailed notice |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
JAN 3 1 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY BARNETT, ) | |
| ) | |
| Plaintiff, ) | Hon. Blanche M. Manning |
| ) | |
| v. ) | 99 C 5622 |
| ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on City of Chicago's ("the City") Motion to Dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is DENIED.

## BACKGROUND

Plaintiff Terry Barnett contends that Chicago police officers O'Brien, Pellegreni, Tannehill, and/or Omachi arrested him without probable cause and used excessive force when one or more of the officers shot and stepped on Plaintiff. Plaintiff initially brought this action against the officers and the City under Section 1983. Plaintiff voluntarily dismissed the claims against the officers and later filed a new complaint naming the officers as defendants. The City has moved to dismiss the instant complaint pursuant to Rule 12(b)(6), contending that the allegations in the complaint fail to state a claim because they are so general and devoid of factual content, that they fail to give the City adequate notice to permit it to prepare a defense.



## ANALYSIS

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir.1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir.1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir.1991), citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n. 2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir.1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir.1992).

Plaintiffs in a Section 1983 case against a municipality are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165 (1993). Plaintiffs need not "allege all, or any of the facts logically entailed by the claim." American Nurses Assoc. v. Illinois, 783 F.2d 716, 727 (7th Cir.1986). "[A] complaint

does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." Id.

A plaintiff, nevertheless, must do more than plead an empty allegation of municipal policy to state a Section 1983 claim. Taylor v. City of Chicago, 1997 WL 51445, at *2 (N.D. Ill. Feb. 3, 1997); McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir.1994). A plaintiff must plead operative facts which form the basis of the claim. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir.2000).

To state a Section 1983 claim against a municipality, the plaintiff must allege the existence of a municipal policy or custom which caused the alleged violation. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978). A municipality can be liable under Section 1983 only where its policy(s) is the "moving force" behind the constitutional violation. Samuel v. City of Chicago, 41 F. Supp.2d 808, 810 (N.D. Ill.1999). To allege that a municipal policy violated Section 1983 a plaintiff needs to set forth: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by express municipal policy, is so permanent and well-settled that it amounts to a custom with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. Baxter by Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-35 (7th Cir.1994).

Here, Barnett's Complaint sets forth the following allegations:

-3-

14. Due to the deliberate indifference of the defendant City of Chicago in failing to discipline, train or direct its police officers concerning the rights of its citizens, the City of Chicago has an official custom, or indeed even a policy, of permitting and tolerating the violations of the constitutional rights of arrestees by the police, particularly any arrestees who are African-American.

15. In this instance, due to the widespread practice, customs and usage by the Chicago Police Department, plaintiff's constitutional rights were ignored or disregarded due to that practice and the facts that he is an African-American.

The City contends that these allegations are insufficient to state a claim because they are conclusory and unsupported by facts. The City relies on McTigue v. City of Chicago, 60 F.3d 381 (7th Cir.1995), for the proposition that a plaintiff alleging a claim of municipal custom or policy must allege some specific facts concerning the alleged policy or custom. Although there is language in McTigue supporting the City's position, the court believes that the Seventh Circuit's decision in McCormick v. City of Chicago, 230 F.3d 319 (7th Cir.2000), controls this case.

In McCormick, the plaintiff brought a Section 1983 claim against the City alleging that the City had "a widespread custom of allowing white police officers in predominately white districts, to engage in individual acts of discrimination against African-Americans, without fear of vigorous and effective enforcement of City anti-discrimination policies." 230 F.3d at 322. Reversing the district court's dismissal of the plaintiff's claim, the Seventh Circuit held that this language was enough to support a Section 1983 claim against the City. Id. at 324-25. The court stressed that the Federal Rules of Civil Procedure only require notice pleading, and that the U.S. Supreme Court's decision in Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit, 507 U.S. 163, 164-69 (1993), confirmed that there is no heightened standard of pleading for Section 1983 cases. McCormick, 230 F.3d at 323-25. The court also distinguished cases such as McTigue, noting that in those cases where dismissal was affirmed, "the plaintiffs left out facts

-4-

necessary to give the defendants a complete understanding of the claims made against them." Id. at 325.

Following McCormick, many courts in this district have refused to dismiss Section 1983 claims against the City stemming from alleged policies and customs of the City which resulted in alleged police abuse and misconduct, where the plaintiffs made similar allegations to those used here by Plaintiff in this case. See, e.g., Torres v. City of Chicago, 123 F. Supp.2d 1130, 1132 (N.D. Ill. 2000) (denying the City's motion to dismiss, the court held that "[c]onclusory language in the complaint was sufficient to put the City on notice of the claims even though it did not plead facts"); Hampton v. City of Chicago, 1997 WL 790590, at *4 (N.D. Ill. Dec. 17, 1997) (denying City's motion to dismiss, the court held that the plaintiff "was not under any obligation to plead specific facts concerning the City's alleged practices or policies"); Collins v. Metcalfe, 1996 WL 637592, *1 (N.D. Ill. Oct. 18, 1996) (allegation that the City had a "custom and practice of allowing police officers to charge and chase unarmed civilians, with weapons drawn, intentionally and with the knowledge that said activity was extremely dangerous and likely to cause harm to innocent persons").

Consequently, although Plaintiff's allegations of the City's policies and procedures are not stated with particular clarity, this court finds that the allegations sufficiently state a Section 1983 claim under McCormick and its progeny.

## CONCLUSION

For the foregoing reasons City of Chicago's Motion to Dismiss the Complaint [21-1] is DENIED. It is so ordered.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: JAN 3 0 2001